PER CURIAM.
Affirmed. See Sireci v. State, 399 So.2d 964, 968 (Fla.1981) (overruled on other grounds by Miller v. State, 42 So.3d 204 (Fla.2010)) (observing that “[ejvidence that a suspected person in any manner endeavors to evade a threatened prosecution by any ex post facto indication of a desire to evade prosecution is admissible against the accused where the relevance of such evidence is. based on consciousness of guilt inferred from such actions.”); Sloan v. State, 104 So.3d 1271, 1274 (Fla. 4th DCA 2013) (holding trial court did not abuse its discretion in admitting evidence of attempted suicide where there was “a sufficient nexus between the defendant’s suicide attempt and the crime to render it admissible.”); Geissler v. State, 90 So.3d 941, 946 (Fla. 2d DCA 2012) (holding trial court did not abuse its discretion in admitting evidence that defendant shot himself immediately after being confronted with claim that he sexually abused victim, concluding: “[l]ike flight, an attempt at suicide may be indicative of a desire to avoid prosecution and is a circumstance from which guilt may be inferred. The question of whether the shooting was accidental or an attempted suicide and the significance to be attached to the event are matters to be resolved by the jury.”) (internal citations omitted).